**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT JONATHEN BAILEY, | No. 08-16477 |
| Petitioner - Appellant, | D.C. No. 2:06-CV-00467-MCE-GGH |
| v. | |
| RICHARD KIRKLAND, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted April 6, 2010[**]

Before: SKOPIL, FARRIS and LEAVY, Circuit Judges.

Robert Bailey, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition alleging he was denied his constitutional right to testify at his trial in state court. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

**DISCUSSION**

Bailey claims the state court violated his constitutional right to testify even though his request came after the close of evidence and after the jury had been instructed on the elements of the crimes charged. Our review of his claim is defined by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Christian v. Frank*, 595 F.3d 1076, 1080 (9th Cir. 2010). Under AEDPA, we may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

We conclude the state court's decision is neither contrary to nor an unreasonable application of federal law. Although the right to testify at a criminal trial is well-established, the right is not without limitation and "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Rock v. Arkansas*, 483 U.S. 44, 55 (1987) (internal quotation marks omitted). The state court did not cite to *Rock*, but it did acknowledge that the Supreme Court has developed a "body of decisional law regarding a criminal defendant's right to testify." Moreover, the state court is not required to cite to federal authority or even indicate an awareness of federal law, as long as its decision is not contrary to established Supreme Court authority. *See Early v. Packer*, 537 U.S. 3, 8 (2002).

-2-

Bailey complains the state court relied on inapposite state law to determine whether his request should have been granted. Although the case cited by the state court, *People v. Jones*, 30 Cal.4th 1084 (2003), did not involve a defendant's request to testify, it does set forth the type of concerns noted in *Rock*, specifically whether "other legitimate interests in the criminal trial process" might trump an individual's exercise of a constitutional right. *See Rock*, 483 U.S. at 55 (internal quotation marks omitted). The state court's consideration of those concerns is not an unreasonable application of federal law.

Bailey contends the denial of his request to testify was arbitrary and disproportionate to the purpose of accommodating other legitimate interests in violation of the directive set forth in *Rock*, 483 U.S. at 56. He submits that his testimony would have posed only minimal inconvenience and delay and would not have prejudiced the prosecution. We agree, however, with the state court that Bailey's testimony might have required new instructions, additional testimony, and a change in the prosecution's theory of the case. Bailey complains that it is unreasonable to speculate as to the import of his testimony, but the record indicates he did not make an offer of proof and he later refused to waive his client-attorney privilege that would have permitted his trial attorney to testify.

The district court did not err by denying Bailey's § 2254 petition. Contrary to Bailey's assertion, *United States v. Pino-Noriega*, 189 F.3d 1089 (9th Cir. 1999), does not compel a contrary result. There, we held that a defendant "waived his right to testify by waiting until after the jury had reached a verdict to inform the court that he wanted to testify." *Pino-Noriega*, 189 F.3d at 1096. Bailey can only point out that his request to testify came earlier in the proceedings and that *Pino-Noriega* states that whether it would be too late if the right were asserted "at any earlier point in time is another question for another day." *Id.* We agree with the state court and the federal district court that Bailey's request came too late.

Bailey also relies on *Gill v. Ayers*, 342 F.3d 911 (9th Cir. 2003), where we held that a defendant has a constitutional right to testify at his sentencing hearing. We reasoned a state court's restriction on such testimony created an arbitrary process that could not be justified in light of the importance of the right to testify in one's own behalf. *Gill*, 342 F.3d at 920. In contrast, Bailey was not barred from testifying at this trial, and indeed, he expressly waived that right. It is not arbitrary to require a defendant to exercise his right to testify before the evidence is closed and the jury is instructed.

**AFFIRMED**.